**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Liberty Life Insurance Company, | ) | No. CV 10-2024-PHX-JAT |
| Plaintiff, | ) ) ) | **ORDER** |
| vs. | ) ) ) | |
| Eric L. Myers; Donald D. Myers and Joan L. Myers; Anne R. Myers; Erin Sarah Stoloff; Kirsten Anne Myers; the Erin Myers Trust dated August 13, 1993; the Kirsten Myers Trust dated August 13, 1993; Brooke Myers Wilson; Sean Edwin Lung, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

Currently before the Court is Defendant Sean Lung's ("Lung") Motion to Dismiss for lack of personal jurisdiction ("Motion"). (Doc. 38). Defendant Eric Myers ("Myers") filed a declaration in support of Lung's Motion. (Doc. 39). Plaintiff, Liberty Life Insurance Company, filed a Response in Opposition to the Motion ("Response") (Doc. 41). Myers further filed a declaration in opposition to the Response. (Doc. 44).

**I.   BACKGROUND**

On September 21, 2010, Plaintiff filed a Complaint alleging fraud against defendants, including Lung and Myers. (Doc. 1 at 1). The allegation arises from the payout of $800,000 in death benefits pursuant to an insurance policy contingent on Myers' death. (*Id.* at 1). A summary of the events leading to Plaintiff's allegation follows: Myers disappeared in 1991;

1  Myers was declared dead by the State of Arizona in 1997; Myers' father (Defendant Donald
2  Myers) collected death benefits from Myers' policy in 1998; Myers reappeared in society in
3  2007 when over $430,000 from the death benefits remained in beneficiary trusts; in 2008,
4  after Myers' death was shown to be false, that $430,000 was transferred by Donald Myers
5  from the beneficiary trusts to defendants Erin Stoloff and Kirsten Myers; and in 2009
6  Plaintiff was made aware of Myers' reappearance. (*Id.* at 2-9).

7  Plaintiff contends that from 1991 until 2009, Lung aided Myers in concealing his
8  whereabouts from his family, that the concealment was motivated in whole or in part to cause
9  others to apply for and receive the death benefits, that Lung aided and abetted the distribution
10 of the assets of the two trusts after all defendants knew that Myers survived, that Lung knew
11 of the death benefit scam before the death benefits were paid in 1998, and he aided and
12 abetted the making of a false claim. (Doc. 41 at 2).

13 On September 23, 2010, Lung was served in Prescott, Arizona, when the Process
14 Server effectuated service by giving the Summons (Doc. 5-9) to Defendant Joan Myers.
15 (Doc. 8 at 6).

16 Lung, acting as a *pro se* litigant, initially filed an Answer to Complaint ("Answer")
17 on October 12, 2010, challenging the merits of the Complaint and requesting dismissal.
18 (Doc. 14). Lung then filed a Supplement to the Complaint ("Supplement") on October 21,
19 2010, that stated he "den[ies] all of Plaintiff's allegations within the . . . Complaint . . . ," and
20 again requested dismissal. (Doc. 20). Lung's Answer and Supplement made no mention of
21 any defenses listed in the Federal Rule of Civil Procedure Rule 12(b). Lung then filed his
22 Motion on October 22, 2010, requesting dismissal "for lack of personal jurisdiction per . .
23 . 12(b)(6) (sic)." (Doc. 38).

24 Myers filed a declaration in support of Lung's Motion on November 24, 2010, which
25 solely challenged the merits of the Complaint. (Doc. 39). Plaintiff filed the Response on
26 December 2, 2010, opposing Lung's Motion. (Doc. 41). On December 12, 2010, Myers'
27 filed a declaration opposing Plaintiff's Response, which also challenged no legal standard
28 asserted by the Plaintiff. (Doc. 44).

## II. ANALYSIS AND CONCLUSION

The issue before the Court is whether Lung's blanket denial of all allegations in his Supplement constitutes a valid assertion of lack of personal jurisdiction under the Federal Rules of Civil Procedure. The Court concludes that the blanket denial is not a valid assertion of a 12(b)(2) defense and that Lung waived this defense by not raising it in a motion prior to his Answer or Supplement.

Lung has proffered no legal standard that shows his blanket denial of all Plaintiff's allegations constitutes a valid assertion of a 12(b)(2) defense. The local rules require Lung to file with his Motion a memorandum setting forth the points and authorities he relied upon in support of his motion. LRCiv 7.2. "A district court lacks the power to act as [a] party's lawyer, even for *pro se* litigants." *Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007) (internal citations omitted). A *pro se* litigant proceeds with knowledge of the risk of litigating without legal representation.

> The hazards which beset a layman when he seeks to represent himself are obvious. He who proceeds *pro se* with full knowledge and understanding of the risks does so with no greater rights than a litigant represented by a lawyer, and the trial court is under no obligation to become an "advocate" for or to assist and guide the *pro se* layman through the trial thicket.

*Jacobsen v. Filler*, 790 F.2d 1362, 1365 n.5 (9th Cir. 1986) (internal citations omitted). "A *pro se* litigant is not excused from knowing the most basic pleading requirements." *American Ass'n of Naturopathic Physicians,* 227 F.3d at 1107; *see also Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997) (acknowledging the rule that "*pro se* litigants are not excused from following court rules").

The Court notes that Myers is not an attorney and cannot represent the interests of Lung. "Although a non-attorney may appear *in propria persona* in his own behalf, that privilege is personal to him. [The non-attorney] has no authority to appear as an attorney for others than himself." *Pope Equity Trust v. United States*, 818 F.2d 696, 697-98 (9th Cir. 1987). In addition, the Court does not find Myers' declarations of support and opposition persuasive because Myers also did not offer a legal standard in support of his contention that Lung's blanket denial constituted a valid presentation of a 12(b)(2) defense. Further, the

Court need not consider Myers' declarations in reaching a decision due to the procedural deficiencies of Lung's Motion.

Under Rule 12(b), which explains how to present defenses, "*every* defense to a claim for relief in any pleading *must* be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: . . . (2) lack of personal jurisdiction." Fed.R.Civ.P. 12(b)(2) (emphasis added). "A motion asserting any of these defenses *must* be made *before* pleading if a responsive pleading is allowed." *Id*. (emphasis added). Further, Rule 12(h) explains when defenses are waived by a party. "A party waives any defense listed in Rule 12(b)(2)-(5) by . . . failing to either . . . make it by motion under [Rule 12]; or [] include it in a responsive pleading . . . ." Fed.R.Civ.P. 12(h)(1)(B). The clear language of Rule 12 requires Lung to raise the defense of lack of personal jurisdiction by motion prior to his answer or in the answer itself.

The Ninth Circuit has construed these provisions strictly, observing that "[a] fundamental tenet of the Federal Rules of Civil Procedure is that certain defenses under Fed.R.Civ.P. 12 must be raised at the first available opportunity or, if they are not, they are forever waived." *American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1106 (9th Cir. 2000). Rule 6 gives allowance for "excusable neglect" in all rules governing the time periods for filing. Fed.R.Civ.P. 6(b)(1)(B). There is, however, no allowance for "excusable neglect" in filing defenses in the proper order under Rule 12.

As Rule 12 stipulates, every defense must be asserted in a responsive pleading if a responsive pleading is required. Fed.R.Civ.P. 12(b). Both the Summons Lung was served with (Doc. 5-9), and the Federal Rules of Civil Procedure required a responsive pleading from Lung. Fed.R.Civ.P. 12(a)(1)(A)(i). Lung then filed his responsive pleading (his Answer on October 12, 2010, and his Supplement on October 21, 2010) prior to filing his Motion (October 22, 2010). Because Lung filed his Answer prior to filing his Motion he

- 4 -

waived his defense of lack of personal jurisdiction.[1]

Accordingly, **IT IS ORDERED** denying Defendant Sean Lung's Motion to Dismiss for lack of personal jurisdiction (Doc. 38).

DATED this 11th day of April, 2011.

_____
James A. Teilborg
United States District Judge

---

[1] The nature of Rule 12 also forecloses Lung from amending his Answer to include the 12(b)(2) defense. The specified defenses in Rule 12(h)(1) (which includes lack of personal jurisdiction) "are of such a character that they should *not be delayed and brought up for the first time* by means of an application to the court to amend the responsive pleading . . . . the language of the subdivisions is made clear, the party is put on fair notice of the effect of his actions and omissions and can guard himself against unintended waiver." Fed.R.Civ.P. 12 advisory committee's note, 1966 amend. subdiv. h (emphasis added).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28