**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Liberty Life Insurance Company,<br><br>         Plaintiff,<br><br>v.<br><br>Eric L. Myers, et al.,<br><br>         Defendants. | No. CV 10-2024-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Defendants' Donald D. Myers and Joan L. Myers (respectively "Donald" and "Joan") Motion to Dismiss claims against Donald pursuant to Federal Rule of Civil Procedure 25(a)(1). (Doc. 227 at 1). Plaintiff Liberty Life Insurance Company ("Liberty Life") has filed a Response to the Motion to Dismiss (Doc. 231), and Defendants have filed a Reply (Doc. 240).

Liberty Life has also filed a Motion to Substitute the Estate of Donald D. Myers, by and through Personal Representatives Brooke M. Wilson and Heather M. Craig, in place of Defendant Donald D. Myers, who is deceased. (Doc. 232). Defendants have filed a Response to the Motion to Substitute (Doc. 242), and Liberty Life has filed a Reply (Doc. 248).

**I.     BACKGROUND**

This suit was initiated by Liberty Life against Defendants, including Donald, on September 21, 2010. (*See* Doc. 1). During the pendency of this case Donald passed

1  away.  On December 21, 2011, Defendants Joan and Brooke Wilson, filed a Suggestion
2  of Death Upon the Record Under Federal Rule of Civil Procedure 25(a)(1).  (Doc. 180).
3  Under Federal Rule of Civil Procedure 25(a)(1),

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party.  A motion for substitution may be made by any party or by the decedent's successor or representative.  If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

8  Defendants claim the 90 day time period under this rule expired on March 23, 2012.
9  (Doc. 227 at 2).  On March 30, 2012, Defendants filed the pending Motion to Dismiss for
10  failure to comply with Rule 25.  (*Id*.)  On the same day, Liberty Life addressed the merits
11  of its claim against Donald and filed a Partial Motion for Summary Judgment.  (Doc.
12  228).  Four days later and eleven days after the March 23 deadline, on April 3, 2012,
13  Liberty Life filed its Response arguing against Defendants' Motion to Dismiss (Doc.
14  231) and filed a motion for substitution pursuant to Rule 25(a)(1) and Rule 6(b).  (Doc.
15  232).  Liberty Life requests that the Court substitute Donald's estate (the "Estate"), by
16  and through personal representatives Brooke M. Wilson and Heather M. Craig, as
17  Defendant to replace Donald.  (*Id*. at 1).

18  **II.  DISCUSSION**

19  Defendants argue that under Rule 25(a)(1), neither Liberty Life nor any other
20  party filed a motion to substitute within the 90 day period, and therefore, the action must
21  be dismissed.  (Doc. 227 at 2).  Liberty Life contends that the 90 day time period was not
22  triggered by the Suggestion of Death that Defendants filed because it did not identify the
23  successor or representative who could be substituted as a defendant for Donald.[1]  (Doc.
24  231 at 2).  Alternatively, Liberty Life argues that in the event the Court finds the time
25  period was triggered, Plaintiff has good cause for a brief extension under Federal Rule of
26  Civil Procedure 6(b).  (*Id*. at 3).

---

[1] The Suggestion of Death reads in its entirety, "Defendants Joan L. Myers and Brooke Wilson, by and through undersigned counsel, pursuant to Rule 25(a)(1), Fed. R. Civ. P., suggest upon the record, the death of Defendant Donald D. Myers, during the pendency of this action."  (Doc. 180 at 1-2).

Courts within the Ninth Circuit have disagreed over whether the suggestion of death must identify the successor or representative who may be substituted for the decedent in order for the 90 day time period to run. *Compare Dummar v. Lummis*, 2:07-CV-459J, 2007 WL 4623623, at *3 (D. Nev. Dec. 26, 2007) ("To be valid and trigger the 90-day limitation period . . . a suggestion of death must identify the successor or representative who may be substituted for the decedent."), *with Jackson v. Rowlett*, No. CIV S–04–0741, 2007 WL 397114, at *1 (E.D. Cal. Jan. 31, 2007) ("Rule 25's sole requirement concerning the content of a suggestion of death on the record is that it must contain a statement of the fact of the death."). The Court declines to make a determination on this issue because it is not dispositive in this case.

Rule 25(a)(1) was amended in 1963. The Advisory Committee Notes to Rule 25 state that the 90 day limit can be "extended pursuant to Rule 6(b)." Fed. R. Civ. P. 25 advisory committee's note, 1963 amendment. Under Rule 6(b)(1),

> *In General.* When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, . . . ; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b). "It is intended that the court shall have discretion to enlarge [the 90 day] period" of Rule 25(a)(1). *Id.* advisory committee's note, 1963 amendment, subdivision (b).

While the Ninth Circuit Court of Appeals has not explicitly commented on the issue, numerous federal courts have found "[t]he law is clear that, despite the mandatory language in Rule 25(a), the Court has substantial discretion to interpret the rule liberally so as to effectuate its underlying purpose." *Williams v. Scott*, 07-22617-CIV, 2010 WL 5791517, at *2 (S.D. Fla. Sept. 3, 2010); *see also Rende v. Kay*, 415 F.2d 983, 986 (D.C. Cir. 1969) ("The amendment to Rule 25(a)(1) [ ] was intended to dispel unwarranted rigidity and allow more flexibility in substitution. 'It was intended that liberal effect be given to the 1963 amendment.'" (quoting *Roscoe v. Roscoe*, 379 F.2d 94, 99 (D.C. Cir.

1 1967)); *United States v. Miller Bros. Const. Co.*, 505 F.2d 1031, 1035 (10th Cir. 1974) ("A discretionary extension should be liberally granted absent a showing of bad faith on the part of the movant for substitution or undue prejudice to other parties to the action."). Accordingly, "[a]lthough Rule 25 states that an action 'must' be dismissed if a motion to substitute is not brought within ninety days, this has been held not to preclude a Rule 6(b) motion to enlarge this timeframe." *Williams v. Baron*, No. 2:03-CV-2044, 2009 WL 331371, at *2 (E.D. Cal. Feb. 10, 2009).

Given the intent of Rule 25(a)(1) and Rule 6(b), courts have consistently held that "[t]he 90 day period was not intended to act as a bar to otherwise meritorious actions." *Staggers v. Otto Gerdau Co.*, 359 F.2d 292, 296 (2d Cir. 1966) (citing 4 Moore, Federal Practice P25.01-02 (2d ed. 1965 Supp.)); *see also Continental Bank, N.A. v. Meyer*, 10 F.3d 1293, 1297 (7th Cir. 1993) (same); *Scott*, 2010 WL 5791517, at *2 ("Rule 25(a) is not meant to be used as a procedural mechanism to 'bar . . . otherwise meritorious actions'") (quoting *Staggers*, 359 F.2d at 296).

The Court finds the mere eleven day delay after the 90 days had expired does not warrant a rigid application of Rule 25. Looking to the merits of Plaintiff's claim (*See* Doc. 228), the Court finds granting Defendants' Motion to Dismiss would effectively bar an otherwise meritorious claim. This is precisely what Rule 25 what not intended to facilitate.

//
//
//
//
//
//
//
//
//

### III. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** denying Defendants' Motion to Dismiss (Doc. 227).

**IT IS FURTHER ORDERED** granting Plaintiff's Motion to Substitute the Estate of Donald D. Myers, by and through Personal Representatives Brooke M. Wilson and Heather M. Craig, in place of Defendant Donald D. Myers. (Doc. 232).

Dated this 11th day of February, 2013.

James A. Teilborg
United States District Judge