**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Liberty Life Insurance Company,<br><br>            Plaintiff,<br><br>v.<br><br>Eric L. Myers, et al.,<br><br>            Defendants. | No. CV 10-2024-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Defendant Eric L. Myers' Motion to Strike Plaintiff's Motion for Partial Summary Judgment (Doc. 228), Plaintiff's Statement of Facts in Support of the Motion for Partial Summary Judgment (Doc. 229), and all of the extensions to Doc. 229. (Doc. 245). Plaintiff has filed a Response (Doc. 246) and Defendant has filed a Reply (Doc. 247).

**I.     BACKGROUND**

On March 30, 2012, Plaintiff filed its Motion for Partial Summary Judgment (Doc. 228) and the accompanying statement of facts and exhibits to that motion (Doc. 229; Doc. 229-1; Doc. 229-2; Doc. 229-3; Doc. 229-4; Doc. 229-5). Defendant has pointed out that these documents contain instances of Defendant's unredacted social security number and birth date. (*See* Doc. 229-3 at 5, 29, 37, 43).

## II.     DISCUSSION

As an initial matter, Defendant has not shown why Plaintiff's Motion for Summary Judgment (Doc. 228) should be struck from the record. Defendant has not proven that Doc. 228 contains any information subject to the redaction requirements of Federal Rule of Civil Procedure 5.2. Accordingly, the Court denies Defendant's request to strike Doc. 228.

Redaction requirements for filings are governed by Federal Rule of Civil Procedure 5.2. Under Rule 5.2(a), filings may only include the year of an individual's birth and the last four digits of the social-security number. Fed. R. Civ. Pro. 5.2(a)(1)-(2). Under Federal Rule of Civil Procedure 5.2(b), however, the redaction requirement does not apply to the official record of a state-court proceeding and the record of a court or tribunal, if that record was not subject to the redaction requirement when originally filed. *Id*. at 5.2(b)(3)-(4). Further, Rule 5.2(h) states "[a] person waives the protection of Rule 5.2(a) as to the person's own information by filing it without redaction and not under seal."

Defendant has filed numerous documents with the Court that includes his birth date. (*See* Doc. 169-1; Doc. 176 at 10-11). Under Rule 5.2(h) this waives any privacy Defendant had in that information.

The instances where Defendant's social security number was not redacted in Plaintiff's filings, which Defendant points to as grounds to strike Doc. 229-1, were all part of the official record in Maricopa County Superior Court. The exhibits challenged by Defendant were all documents originally attached as exhibits to Defendant Donald Myers' ("Donald") petition for a death certificate for Defendant that Donald filed in 1997. (*See* Doc. 229-1 at 2-45). In addition, Defendant has also filed documents containing his social security number in his probate action in state court. (Doc. 246 at 6).

In *Richards v. Great Western Ins. Co.*, No. 11-CV-965, 2012 WL 695991, at *12 (D. Minn. Jan. 13, 2012), the district court found that when a party filed information subject to redaction in an attachment to a pleading the party filed in state court, that the

party had waived any privacy in that information. The district court cited Federal Rule of Civil Procedure 5.2(b)(3)-(4) and Rule 5.2(h). *Id*. The Court agrees with the district court's reasoning and conclusion in *Richards*. Regardless of whether Defendant was required to or not, Defendant used his unredacted social security number in a pleading in state court and that pleading is part of the record in this case. Further, Donald's petition for a death certificate that contains Defendant's unredacted social security number is part of the official record of a state court proceeding. Under Rule 5.2(b)(3) the redaction requirement does not apply to the documents Plaintiff filed as an attachment to its Statement of Facts. (Doc. 229-1 at 2-45).

## V. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** denying Defendant Eric L. Myer's Motion to Strike. (Doc. 245).

Dated this 11th day of February, 2013.

James A. Teilborg
United States District Judge