**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Liberty Life Insurance Company,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Eric L. Myers, et al.,<br><br>　　　　　Defendants. | No. CV 10-2024-PHX-JAT<br><br>**ORDER** |

　　　　Pending before the Court is Defendant Eric L. Myers' Motion Seeking Ruling by Judge Teilborg Regarding the Court's Rule 16 Scheduling Order (Doc. 236). Plaintiff Liberty Life has filed a Response (Doc. 238) and Defendant has filed a Reply (Doc. 241).

　　　　Defendant requests that the Court deny Plaintiff's use of three items of discovery because Defendant contends that these three items were "sought" after the February 29, 2012, discovery deadline. (Doc. 236 at 2).

**I.　BACKGROUND**

　　　　On December 12, 2010, in the Rule 16 Scheduling Order, the Court set the discovery deadline for September 30, 2011. (Doc. 52 at 2). In that Order, this Court made it clear that,

　　　　the Court will not entertain discovery disputes after the close of

> discovery barring extraordinary circumstances. Therefore, the parties shall complete all discovery by the deadline . . . (complete being defined as including the time to propound discovery, the time to answer all propounded discovery, the time for the Court to resolve all discovery disputes, and the time to complete any final discovery necessitated by the Court's ruling on any discovery disputes). Thus, "last minute" or "eleventh hour" discovery which results in insufficient time to undertake additional discovery and which requires an extension of the discovery deadline will be met with disfavor, and may result in denial of an extension, exclusion of evidence, or the imposition of other sanctions.

(*Id.* at 3 n. 3). On October 24, 2011, in response to the parties' Motion to Extend Discovery and Disclosure Deadlines (Doc. 160), the Court moved the discovery deadline back to February 29, 2012. (Doc. 164 at 2).

Defendant wants the Court to deny Plaintiff the use of Defendant's account records from Bank of America, the indemnification agreement between Eric Myers, Brooke Myers Wilson, Erin Myers Stoloff, and Kirsten Anne Reggiano and any communications leading to the execution of the indemnification agreement, and the deposition of Robert Comeau. (Doc. 236 at 2).

## II. The Bank of America Account Records

Liberty Life first served Bank of America with its subpoena duces tecum (the "Subpoena") for Defendant's account records on January 7, 2011. On January 24, 2011, Defendant added to his motion to stay discovery (Doc. 67) and objected to the Subpoena arguing that his account records were not relevant to any claims. (Doc. 76 at 1). On February 25, 2011, the Court denied Defendant's motion to stay discovery and ordered Defendant to respond to any outstanding discovery within twenty days of the order. (Doc. 87). Evidently this Order by the Court was not clear enough. Almost one year later, on January 31, 2012, with the request for the account information still outstanding, Plaintiff sent a letter to Defendant inquiring about the Subpoena. (Doc. 238-1 at 3). On February 21, 2012, the parties conducted another hearing before the Court regarding the Subpoena. The Court again overruled Defendant's objections and explicitly ordered Bank of America

to respond to the Subpoena. (Doc. 214). On February 23, 2012, Plaintiff sent a copy of the order to Bank of America to produce documents responsive to the Subpoena. Bank of America's responsive documents were received by Plaintiff on March 9, 2012.

Defendant proffers no argument why he did not comply with this Court's order in February 2011 (Doc. 87) denying his motion to stay discovery and therefore his addition to his motion to discovery (Doc. 76) (arguing against the Subpoena). The Order explicitly instructed Defendant to respond to any outstanding discovery within twenty days of the order. (Doc. 87). Instead, Defendant continued to object to the discovery request until the Court had to deny the objection a second time. (*See* Doc. 214). Defendant's actions were the overwhelming reason the account records were not turned over prior to the discovery deadline. Accordingly, the Court denies Defendant's motion to suppress the account records.

### III. The Indemnification Agreement

Similar to the Bank of America records, the sole reason the Indemnification Agreement (the "Agreement") was not turned over prior to the discovery deadline was Defendant's actions. Plaintiff requested the Agreement on January 30, 2012. Defendant objected to the request and appeared telephonically before the Court to argue his objection on February 21, 2012. The Court overruled Defendant's objection to producing the Agreement. (Doc. 214). Apparently this did not make it clear to Defendant to immediately produce the Agreement. Defendant continued to object on other grounds to production. Defendant appeared before the Court again on March 6, 2012, arguing why he should not have to produce the Agreement. For the second time, the Court overruled Defendant's objections and ordered him to produce the Agreement. (Doc. 222). Defendant turned over the Agreement on March 6, 2012.

For the same reasons the Court denied Defendant's request regarding the account records, the Court denies Defendant's request to suppress the Indemnification Agreement. Defendant's actions were the reason the account records were not turned over prior to the discovery deadline.

## IV. Robert Comeau Deposition

Defendants Donald and Joan Myers disclosed that they intended to call Robert Comeau as an expert witness at trial on December 2, 2011. Plaintiff's counsel waited over two months, until February 16, 2012, to schedule Mr. Comeau's deposition. The first available date for the deposition was March 5, 2012, five days after the deadline. Contrary to Defendant's argument that this item of discovery was not "sought" until after the deadline, Plaintiff tried to address the deposition prior to the deadline. However, under the definition of complete that this Court made both parties aware of in the Rule 16 Scheduling Order, Plaintiff failed to ensure that discovery was complete prior to the discovery deadline. Accordingly, the Court grants Defendant Eric L. Myer's request to deny Plaintiff the use of this item of discovery.

## V. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** denying in part and granting in part Defendant Eric L. Myer's Motion Seeking Ruling Re: the Rule 16 Scheduling Order (Doc. 236). Specifically, the Court denies Defendant's request to deny Plaintiff the use of the account records and the Indemnity Agreement. The Court grants Defendant's request to deny Plaintiff the use of the Robert Comeau deposition.

Dated this 11th day of February, 2013.

James A. Teilborg
United States District Judge