**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Liberty Life Insurance Company,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Eric LungMyers, et al.,<br><br>　　　　　　Defendants. | No. CV 10-2024-PHX-JAT<br><br>**ORDER** |

Pending before the Court is *pro se* Defendant Eric LungMyers' ("Defendant") Motion "Seeking Court Clarification Regarding the Court's Ruling on Plaintiff's Motion for Summary Judgment" (Doc. 286).

On February 11, 2013, the Court entered an order granting Plaintiff's motion for partial summary judgment (Doc. 280). On March 12, 2013, Defendant filed the pending motion seeking clarification of the order (Doc. 286). Defendant's motion essentially asks the Court to further explain the conclusions reached in the order. The Court fully explained the basis for its analysis in the order and will deny Defendant's motion to explain again. To the extent Defendant's motion is a motion for reconsideration, the Court will also deny Defendant's motion.

> The Federal Rules of Civil Procedure do not recognize a "motion to reconsider." A litigant subject to an adverse judgment may file either a motion to alter or amend the judgment under Rule 59(e) or a motion seeking relief from the judgment pursuant to Rule 60(b). Fed.R.Civ.P. 59(e), 60(b). However, these rules only provide relief from judgments that

are "final, appealable orders." *United States v. Martin*, 226 F.3d 1042, 1048 n. 8 (9th Cir. 2000).

*Campbell v. Fernando-Sholes*, CV 05-0880-PHX-SMM, 2009 WL 2030561, at *3 (D. Ariz. July 9, 2009). This Court has adopted the following standards on which motions for reconsideration will be granted for interlocutory orders:

> (1) There are material differences in fact or law from that presented to the Court and, at the time of the Court's decision, the party moving for reconsideration could not have known of the factual or legal differences through reasonable diligence;
>
> (2) There are new material facts that happened after the Court's decision;
>
> (3) There has been a change in the law that was decided or enacted after the Court's decision; or
>
> (4) The movant makes a convincing showing that the Court failed to consider material facts that were presented to the Court before the Court's decision.
>
> No motion for reconsideration shall repeat in any manner any oral or written argument made in support of or in opposition to the original motion.

*Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 586 (D. Ariz. 2003).

Defendant's motion simply repeats the same arguments made in his response to Plaintiff's motion for partial summary judgment and Defendant has made no showing of the other factors.

Based on the foregoing,

**IT IS ORDERED** that Defendant Eric LungMyer's Motion seeking Court Clarification (Doc. 286) is denied.

Dated this 17th day of September, 2013.

James A. Teilborg
Senior United States District Judge