**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Liberty Life Insurance Company,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Eric LungMyers, et al.,<br><br>　　　　　　Defendants. | No. CV 10-02024-PHX-JAT<br><br>**ORDER** |

  Pending before the Court is defendant Estate of Donald D. Myers' Motion (Doc. 297) to Amend or Clarify Judgment (Doc. 294) pursuant to Federal Rule of Civil Procedure 59(e). Also pending is defendants Erin Stoloff and Kirsten Ruggiano's substantially similar Motion (Doc. 298) to Amend or Clarify Judgment (Doc. 294) pursuant to Federal Rule of Civil Procedure 59(e). Plaintiff has filed a Response opposing both motions (Doc. 302) as unnecessary, and defendants Stoloff and Ruggiano have filed a Reply (Doc. 303). For the following reasons, the Court denies the defendants' motions to amend or clarify the Judgment.

  On February 12, 2013, the Court entered an Order resolving Plaintiff's motion for partial summary judgment in favor of Plaintiff and directing the parties to notify the Court of what claims, if any, remained for trial. (Doc. 280). Plaintiff subsequently dismissed all remaining claims against the various defendants. (Doc. 283). After carefully considering Plaintiff's Proposed Form of Judgment (Doc. 282) and the various defendants' Objections (Docs. 284–85, 88), on September 17, 2013, the Court entered the following Judgment, in relevant part:

> IT IS ORDERED that judgment is entered in favor of Plaintiff and against Defendant Eric LungMyers (a/k/a Eric L. Myers, Eric Lung-Myers) on Plaintiff's fraud claim, against Defendant Erin Sarah Stoloff (f/k/a Erin Sarah Myers) on Plaintiff's unjust enrichment claim, against Defendant Kirsten Anne Ruggiano (f/k/a Kirsten Anne Myers) on Plaintiff's unjust enrichment claim, and against Defendant the Estate of Donald D. Myers, by and through Personal Representatives Brooke M. Wilson and Heather M. Craig (the "Estate of Donald D. Myers") on Plaintiff's conversion claim, in the amount of $870,103.80, jointly and severally, plus post-judgment interest at 0.13%, until Judgment is paid in full.
>
> However, the amount recoverable from Defendant Erin Sarah Stoloff is capped at $178,031.00; the amount recoverable from Defendant Kirsten Anne Ruggiano is capped at $300,620.00; and the amount recoverable from the Estate of Donald D. Myers is capped at $478,651.00 and is reduced from $478,651.00 by any amounts recovered from Defendant Erin Sarah Stoloff and Defendant Kirsten Anne Ruggiano.
>
> Further, the amount recoverable from Defendant Eric LungMyers is reduced by any amounts received from Defendants Erin Sarah Stoloff, Kirsten Anne Ruggiano, and the Estate of Donald D. Myers. Additionally, any amounts received from Defendant Eric LungMyers in excess of $391,452.80 shall reduce, pro rata, the amounts recoverable from Defendants Erin Sarah Stoloff and Kirsten Anne Ruggiano; which shall resultantly reduce the amount recoverable from the Estate of Donald D. Myers.
>
> IT IS FURTHER ORDERED dismissing with prejudice all remaining claims against all defendants other than those listed in this Judgment.

(Doc. 294 at 1–2).

On October 14 and 15, 2013, the defendants timely[1] filed their motions to amend or clarify the Judgment (Docs. 297–98). The crux of both motions to amend or clarify the Judgment is that because the *summary* of the Judgment that accompanies the CM/ECF docket entry contains only the first paragraph of the Judgment (*see* Docket Entry no. 294), the "judgment" against each defendant mistakenly appears as $870,103.80 and not the lesser amounts specified in the Court's actual Judgment (Doc. 294). (Doc. 297 at 3 ("The judgment against [the Estate of Donald D. Myers] is shown as $870,103.80, not $478,651.00 as should have been stated in the Judgment."); Doc. 298 at 5 ("[Stoloff and

---

[1] Any motion to alter or amend a judgment pursuant to Rule 59(e) must "be filed no later than 28 days after entry of the judgment." Fed. R. Civ. P. 59(e).

Ruggiano] should not be identified as being held liable for any more than $178,031.00 and $300,620.00 respectively, as [Plaintiff] requested and as this Court recognized." (internal citations omitted))).

The defendants appear to conflate the Clerk of the Court's CM/ECF docket *summary*, which engenders no legal effect, with the *actual*, legally significant, signed Judgment of the Court attached to the docket entry as Doc. 294. The Court reminds the defendants that the Court's actual signed Judgment is the Judgment in this case, not the Clerk of the Court's unsigned and incomplete summary of the Court's Judgment.

The Court has reviewed the text of its Judgment (Doc. 294) and finds that the second paragraph (quoted above) accurately and clearly establishes the maximum liability of the Estate of Donald D. Myers, Stoloff, and Ruggiano as $478,651.00, $178,031.00, and $300,620.00, respectively. Moreover, the Court finds that its Judgment clearly identifies how one defendant's payment to Plaintiff will reduce the liability of the other defendants. Consequently, the Court finds that its Judgment need not be amended to further clarify the respective liabilities of the various defendants.

Additionally, defendants the Estate of Donald D. Meyer's, Stoloff, and Ruggiano appear to be concerned that Plaintiff may attempt to enforce the Judgment against each defendant in the full amount of $870,103.80, jointly and severally, instead of the actual, lesser amounts adjudicated by the Court. (*See* Doc. 297 at 2 ("if the judgment as it stands is recorded, the amount of the judgment lien may be listed on that record at that greater amount"); Doc. 298 at 2 (vaguely alleging that "manifest injustice" may occur if the Judgment is not amended). The Court notes that, in light of the plain language of the Court's Judgment (Doc. 294), any attempt by Plaintiff to enforce an award greater than the caps specified by the Court would require Plaintiff to materially misrepresent the Court's Judgment in bad faith. The defendants present neither allegations nor evidence that Plaintiff has or intends to so act. Nonetheless, to avoid any potential misrepresentation by Plaintiff (or misunderstanding by a third-party) that the incomplete Docket Summary could possibly engender, the Court will order the Clerk of the Court to remove the incomplete Docket Entry Summary at Docket no. 294.

Accordingly,

**IT IS ORDERED** that defendants Estate of Donald D. Myers, Erin Stoloff and Kirsten Ruggiano's Motions to Amend or Clarify Judgment (Docs. 297–98) are DENIED.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall replace the CM/ECF Docket Entry Summary for the Judgment, Docket no. 294, with "Judgment (see attached Judgment)." The Court's actual signed Judgment, entered as Doc. 294, shall not be deleted, amended, or modified.

Dated this 15th day of April, 2014.

James A. Teilborg
Senior United States District Judge